# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHEVRON U.S.A. INC.,**

　　　　　　　　　　　**Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　**Case No.  6:07-cv-303-Orl-18DAB**

**CHARLES "CAL" LETCHWORTH,**
**BYRD OIL DISTRIBUTORS, INC.,**

　　　　　　　　　　　**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

　　　　This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **CHEVRON'S MOTION TO ENTER FINAL DEFAULT JUDGMENT (Doc. No. 11)** |
| **FILED:** | **April 18, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

　　　　Plaintiff Chevron U.S.A., Inc. sued Defendants Charles "Cal" Letchworth and Byrd Oil Distributors, Inc., alleging breach of contract and guaranty for Defendants' failure to pay outstanding invoices for petroleum products delivered to Byrd Oil, and for related taxes, rent and unamortized incentive payments.  Doc. No. 1.  Plaintiff filed its Motion for Default Judgment against Defendants on April 18, 2007.  Doc. No. 11-2.  Plaintiff has filed Proofs of Service executed on March 7, 2007 on Charles "Cal" Letchworth and on March 5, 2007 on Byrd Oil Distributors, Inc. which effectuated proper service.  Doc. Nos. 7, 8.  Defendants' deadline to respond to the Complaint (following

extensions agreed to by Plaintiff) was April 6, 2007.  Defendants have failed to file an answer or make

any other appearance in this Court, although they have contacted Plaintiff to discuss settlement[1].  *See*

Doc. No. 11 at ¶¶ 4-6.  Upon motion of Plaintiff, the Clerk entered default against both Defendants

on April 12, 2007.  Doc. No. 10.  On April 18, 2007, Plaintiff filed a motion for a permanent default

judgment for an injunction and monetary damages against these Defendants (Doc. No. 11), which this

Court recommended.   Doc. No. 12.   On July 9, 2007 the Court vacated the Report and

Recommendation, and at the request of the District Judge, held an evidentiary hearing on the Motion

on July 27, 2007.

**Background Facts**[2]

Chevron manufactures petroleum products and sells them to jobbers throughout the world,

which in turn resell Chevron's products to end users and consumers. Doc. No. 1.  Chevron and Byrd

Oil entered into an Incentive Agreement on September 19, 2002, which provided, among other things,

that  Chevron would pay Byrd Oil a certain sum of money for each gallon of gasoline Byrd Oil sold

as long as Byrd Oil met the terms of the Incentive Agreement.  Doc. No. 16-2 (Affidavit of Cathy

Duckworth).   When the Incentive Agreement terminated, Byrd Oil was obligated to reimburse

Chevron the amount Chevron paid to Byrd Oil under the Incentive Agreement, less 1/120 of such sum

for each month elapsed after its effective date.  Doc. No. 1.

---

[1]Chevron refers to a conversation in which a lawyer associated with Defendants "sent a letter" to the Court, but no such correspondence (assuming it complied with the requirements for pleadings) appears in the Court's docket.

[2]Defendants' failure to timely respond to the Complaint and subsequent entry of default serve to admit the well pled allegations of the Complaint.  In addition, Plaintiff filed an affidavit in support and the Court heard testimony from Ms. Duckworth at the hearing.

Chevron and Byrd Oil entered into a Chevron Branded Jobber Petroleum Products Jobber Agreement dated August 1, 2004, which required Byrd Oil to pay Chevron for Chevron's delivery of petroleum products. Doc. No. 16-2.  Byrd Oil failed to make payments due to Chevron on outstanding invoices totaling $266,459.98 for petroleum products, related taxes and rent and unamortized incentive payments under the Incentive Agreement. *Id.* After applying the security fund balance of $152,137.91 to the total debt, Byrd Oil owes Chevron  $114,322.07. *Id.* ¶ 7.  Byrd Oil refused to pay Chevron for the products it received and has not cured any defaults. *Id.* ¶ 14.

On April 22, 1996, Letchworth executed a Continuing Guaranty ("Guaranty") in which he unconditionally guaranteed to Chevron the full payment and performance of all indebtedness of Byrd Oil concerning all present and future credit, loans, or advances made by Chevron to Byrd Oil; thus, Letchworth is liable for Byrd Oil's failure to pay the amount due to Chevron. *Id.* ¶ 13.

At the July 27, 2007 hearing, Cathy Duckworth, the Supervisor of the Light Product Marketing and Credit Group, responsible for managing credit at Chevron, testified[3] consistent with her affidavit as to the amount of damages, $114,322.07.  Ms. Duckworth testified that Byrd Oil owed Chevron for gasoline sold at the Chevron-branded station, for incentive money to enhance the station, rent for point of sale equipment and unamortized tax, all incurred in the normal course of business Chevron does with distributors. *See also* Doc. No. 16.

Having reviewed the record and heard the testimony of Ms. Duckworth, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED** and Final Default Judgment be entered as suggested in the Proposed Order supplied by Chevron (Doc. No. 11-2), with the July 27, 2007 hearing particularly noted.

---

[3]Ms. Duckworth appeared by phone.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 30, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy