# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHEVRON U.S.A. INC.,**
        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-303-Orl-18DAB**

**CHARLES "CAL" LETCHWORTH,**
**BYRD OIL DISTRIBUTORS, INC.,**
        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 22)**
>
> **FILED:** **August 28, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Chevron U.S.A., Inc. sued Defendants Charles "Cal" Letchworth and Byrd Oil Distributors, Inc., alleging breach of contract and guaranty for Defendants' failure to pay outstanding invoices for petroleum products delivered to Byrd Oil, and for related taxes, rent and unamortized incentive payments. Doc. No. 1.

When Defendants failed to respond to the Complaint and upon motion of Plaintiff, the Clerk entered default against both Defendants on April 12, 2007. Doc. No. 10. Following an evidentiary hearing and this Court's report and recommendation on the matter, Judge Sharp entered a final default

judgment awarding monetary damages of $114,672.07 and retaining jurisdiction to decide the amount of attorney's fees. Doc. No. 21. Plaintiff now seeks attorney's fees based on an attorney's fee provision in the Continuing Guaranty dated April 22, 1996. *See* Doc. No. 1 at 33-34 (Ex. D) ¶ 6.

Chevron and Byrd Oil entered into an Incentive Agreement on September 19, 2002 and a Chevron Branded Jobber Petroleum Products Jobber Agreement dated August 1, 2004, which required certain payments for delivery of petroleum products and for gasoline sold. Doc. No. 16-2. On April 22, 1996, Letchworth executed a Continuing Guaranty ("Guaranty") in which he unconditionally guaranteed to Chevron the full payment and performance of all indebtedness of Byrd Oil concerning all present and future credit, loans, or advances made by Chevron to Byrd Oil; thus, Letchworth is liable for Byrd Oil's failure to pay the amount due to Chevron. *Id*. ¶ 13. As part of the Guaranty, Letchworth agreed to "pay expenses, including attorneys' fees, reasonably incurred by Chevron in efforts to collect or enforce any Indebtedness or th[e] Guaranty." Doc. No. 1 at 34.

Plaintiff has requested attorney's fees and costs in the amount of $18,922 for 84.55 hours of work. Pursuant to Florida law, attorneys' fees are recoverable where they are authorized by contract. *See United States v. Pepper's Steel & Alloys, Inc*., 289 F.3d 741, 742-743 (11th Cir. 2002); *Price v. Tyler*, 890 So.2d 246 (Fla. 2004). The supporting affidavit reflect that Plaintiff's counsel litigated the case on behalf of Plaintiff from February to July 2007, accruing roughly 85 total hours in the process for associate, paralegal, and partner time. The hourly rate charged for Mr. Herbert's work at the partner level is $260, for Ms. Witte's work at the associate level is $175, and for paralegal work is $150, which amounted total fees incurred of $18,922. Plaintiff has submitted an affidavit from David S. Oliver, Esq. of Baker & Hostetler, LLP who has practiced for 22 years in Florida and is familiar with such cases in the Middle District. Mr. Oliver opines that the time and rates are reasonable for

litigation such as this case in the legal market. The Court agrees that the amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff be awarded attorney's fees of **$18,922** as an award of reasonable attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy