**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHEVRON U.S.A. INC.,**
          **Plaintiff,**

**-vs-**                                        **Case No. 6:07-cv-303-Orl-18DAB**

**CHARLES "CAL" LETCHWORTH,**
**BYRD OIL DISTRIBUTORS, INC.,**
          **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT (Doc. No. 38)**
>
> **FILED:**      **April 2, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Based upon the papers filed by Plaintiff, it appears that Plaintiff is entitled to issuance of a Writ of Garnishment directed to Garnishee, Wachovia Bank against Defendants Byrd Oil Distributors, Inc., and Charles "Cal" Letchworth. On August 15, 2007, the Court entered a judgment, awarding Chevron USA, Inc., a final default judgment for $114,672.07 (plus post-judgment interest) against both Defendants. Doc. No. 21. The Court also entered a judgment for attorney's fees for $18,922 (plus post-judgment interest) on November 14, 2007. Doc. No. 28.

Chevron seeks to garnish monies held at Wachovia Bank pursuant to Florida Statutes § 77.19. "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the

state in which the district court is held, existing at the time the remedy is sought." FED. R. CIV. P. 69. Under Florida Statute § 77.041, Chevron is required to give notice to the individual Defendant of the procedures for seeking a claim of exemption from garnishment and a hearing.

The Court previously identified issues with the proposed notice and service, which are now properly addressed in the proposed Order and Writ attached to this Motion. Doc. Nos. 38-3, 38-4. The Clerk is directed to issue the Writ of Garnishment (Doc. No. 38-4). Along with a copy of this Order, the United States Marshal is directed to cause the Writ of Garnishment to be served upon WACHOVIA SECURITIES, 10750 Wheat First Drive, Glen Allen, Virginia 23060.

It is further Ordered that Plaintiff Chevron USA, Inc., must mail, by first class, a copy of the Continuing Writ of Garnishment, a copy of the Amended Motion for Issuance of Writ of Garnishment, a copy of this Order, and the "Notice to Defendant of Right Against Garnishment" to the individual Defendant/Judgment Debtor's last known address within five business days after the Writ is issued or three business days after the Writ is served on the Garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the Plaintiff must mail, by first class, the documents to the individual Defendant/Judgment Debtor at his place of employment. The Plaintiff shall file in the proceeding a certificate of such service, pursuant to Fla. Stat. § 77.041.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties